Brindisi v ARJ Transp., Inc.

2026 NY Slip Op 02958

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Darren Brindisi, appellant,

v

ARJ Transportation, Inc., et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2024-12653, (Index No. 618240/23)

Valerie Brathwaite Nelson, J.P.

William G. Ford

Janice A. Taylor

James P. McCormack, JJ.

Levin & Chetkof, LLP, Westbury, NY (Howard A. Chetkof of counsel), for appellant.

Johnson Liebman, LLP, New York, NY (Charles D. Liebman of counsel), for respondents.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Francis Ricigliano, J.), dated October 2, 2024. The order denied the plaintiff's motion for summary judgment on the issue of liability.

ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

The plaintiff commenced this action against the defendants to recover damages for personal injuries that he allegedly sustained when his vehicle was struck in the rear by the defendants' vehicle. The plaintiff moved for summary judgment on the issue of liability. In an order dated October 2, 2024, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.

"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Martin v Copado-Esquivel, 226 AD3d 668, 669 [internal quotation marks omitted]). "As such, a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (id. [internal quotation marks omitted]). "A plaintiff is no longer required to show freedom from comparative fault to establish her or his prima facie entitlement to judgment as a matter of law on the issue of liability" (Thompson v New York City Tr. Auth., 208 AD3d 815, 817 [internal quotation marks omitted]; see Rodriguez v City of New York, 31 NY3d 312; Martin v Copado-Esquivel, 226 AD3d at 670).

"An assertion that the lead vehicle came to a sudden stop, standing alone, is insufficient to rebut the presumption of negligence on the part of the operator of the rear vehicle" (Martin v Copado-Esquivel, 226 AD3d at 669-670 [alteration and internal quotation marks omitted]; cf. Despinos-Cadet v Stein, 209 AD3d 978, 980), although such an assertion may be sufficient to raise a triable issue of fact on the issue of comparative fault (see e.g., Martinez v Colonna, 232 AD3d 876, 877; Martin v Copado-Esquivel, 226 AD3d at 670; Thompson v New York City Tr. Auth., 208 AD3d at 818; Perez v Persad, 183 AD3d 771, 772).

Here, the plaintiff met his initial burden as the movant by submitting his affidavit, which demonstrated that the defendant Emmanuel Jean, the driver of the defendants' vehicle, was negligent in striking the plaintiff's vehicle in the rear while the plaintiff's vehicle was stopped for the traffic condition ahead (see Martinez v Colonna, 232 AD3d at 877; Martin v Copado-Esquivel, 226 AD3d at 670; Thompson v New York City Tr. Auth., 208 AD3d at 818). The defendants submitted an affidavit from Jean in opposition to the plaintiff's motion. Jean asserted that the plaintiff brought his vehicle to a sudden stop for no apparent reason and "without any vehicle slowing or stopping ahead of plaintiff." In essence, "this explanation amounts to nothing more than a claim that the plaintiff's vehicle came to a sudden stop which, without more, failed to raise a triable issue of fact" as to the defendants' liability (Perez v Persad, 183 AD3d at 772; see Martinez v Colonna, 232 AD3d at 877; Martin v Copado-Esquivel, 226 AD3d at 670; Thompson v New York City Tr. Auth., 208 AD3d at 818).

Accordingly, the Supreme Court erred in denying the plaintiff's motion for summary judgment on the issue of liability.

Comparative negligence on the part of the plaintiff, if any, which would offset the amount of damages, must abide the trial (see Rodriguez v City of New York, 31 NY3d at 318-319; Perez v Persad, 183 AD3d at 772).

BRATHWAITE NELSON, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court